———— MITCHELL, Plaintiff, *v.* LUCKENBACH STEAMSHIP COMPANY, Defendant.

Supreme Court, Kings County, December 1, 1928.

*Single & Single* [*Gregory S. Rivkins* of counsel], for the plaintiff.

*Kirlin, Woolsey, Campbell, Hickox & Keating* [*John J. Heckman* and *Eugene F. Gilligan* of counsel], for the defendant.

MAY, J. In 1927 the Pittsburgh Steel Products Company, being the owner, delivered to the defendant 330 pieces of steel pipes, consigned to itself at East San Pedro, Cal. Upon arrival at San Pedro a portion of the shipment was missing, and this action is brought by plaintiff as assignee of the Pittsburgh Company to recover $2,800 damages. The answer admits the failure to deliver a

portion of the said cargo, and for a first defense alleges that the cargo was insured; that the insurance company paid for the loss and thereby became subrogated to the rights of the insured; that, therefore, the real party in interest is the owner, to wit, the insurance company, and not the plaintiff, and the assignment for this and other reasons is invalid. Defendant now seeks to examine the plaintiff as to the facts hereinbefore recited. Plaintiff, in opposition, alleges that the assignment to him and its validity are part of his affirmative case, and, further, that the matters pertaining to the insurance company are not a proper subject of inquiry, as it appears that the moneys received from the insurance company were a conditional payment, a mere loan or advance, and not a payment of the insurance, with the result that the insurance company is not subrogated to the rights of the owner. Neither objection appeals to me. The plaintiff need but offer the assignment to him in evidence to establish that phase of his case. The real burden devolves upon the defendant to present the situation as it really exists, and in that sense the burden is actually upon the defendant.

While it may be true that the payment by the insurance company may have been ineffective to work a subrogation, yet such payment may have created an equitable lien in the insurance company to a portion of the proceeds of the action against the defendant carrier, to which equitable lien plaintiff's subsequent assignment would be subordinate. (3 Pom. Eq. Juris. [4th ed.] §§ 1235, 1236; 17 R. C. L. 604, § 13; *Seymour* v. *Canandaigua & N. F. R. R. Co.*, 25 Barb. 284, 305; *Chester* v. *Jumel*, 125 N. Y. 237.) The loan receipt submitted herein by the plaintiff on its face indicates an express agreement of pledge of the proceeds of the action against the carrier to the extent of the loan or advance, and such advance becomes an equitable lien.

Motion to examine granted.